Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
(347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRYAN BETANCOURT,

                    *Plaintiff,*

        -against-

BX PARKING LLC, COURTLANDT PARKING SYSTEMS INC., YANTZI D. ADAMES a/k/a Yantzi Adams and SHREE DESHMUKH .

                   *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:**  23-cv-9931

BRYAN BETANCOURT ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against BX PARKING LLC, COURTLANDT PARKING SYSTEMS INC., YANTZI D. ADAMES a/k/a Yantzi Adams and SHREE DESHMUKH (Collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff is a former employee of BX PARKING LLC at 616 Courtlandt Avenue Bronx, NY 10451 that was owned and operated by Defendant, YANTZI D. ADAMES and SHREE DESHMUKH.

2.    Defendants own, operate, and/or controlled BX PARKING LLC and COURTLANDT PARKING SYSTEMS INC., at 616 Courtland Avenue Bronx, NY 10451 and other locations in New York City.

1

3.      Plaintiff BETANCOURT was employed by Defendants as a parking attendant and general laborer.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.      Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.      Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff BRYAN BETANCOURT ("Plaintiff BETANCOURT") is an adult individual residing in Bronx County, New York. Plaintiff BETANCOURT was employed by

Defendants at BX PARKING LLC from approximately November 2013 through April 2020 and again from January 2021 until December 2022.

10.     BX PARKING LLC is a domestic limited liability company organized and existing under the laws of the state of New York. It maintains its principal place of business at 616 Courtland Avenue Bronx, NY 10451.

11.     COURTLANDT PARKING SYSTEMS INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 616 Courtland Avenue Bronx, NY 10451.

12.     Defendant YANTZI D. ADAMES is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant YANTZI D. ADAMES is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

13.     Defendant YANTZI D. ADAMES possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14.     Defendant YANTZI D. ADAMES determined the wages and compensation of the employees of Defendants, including Plaintiff.

15.     Defendant YANTZI D. ADAMES established the schedule of the Plaintiff.

16.     Defendant YANTZI D. ADAMES issued pay to Plaintiff.

17.     Defendant YANTZI D. ADAMES disciplined Plaintiff.

18.     Defendant YANTZI D. ADAMES had the authority to hire and fire employees.

19.     Defendant SHREE DESHMUKH  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SHREE DESHMUKH  is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

20.     Defendant SHREE DESHMUKH  possesses or possessed operational control over Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

21.     Defendant SHREE DESHMUKH  determined the wages and compensation of the employees of Defendants, including Plaintiff.

22.     Defendant SHREE DESHMUKH  had the authority to hire and fire employees and controlled and/or reviewed Plaintiff's time and pay records.

## **FACTUAL ALLEGATIONS**

23.     Defendant YANTZI D. ADAMES possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.     Defendant SHREE DESHMUKH  possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other.

26.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

27.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiffs.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

30.     In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, they were dealing with cars that were produced outside the State of New York.

*Plaintiff BRYAN BETANCOURT*

32.     Plaintiff BETANCOURT was employed by Defendants from approximately November 2013 through April 2020 and again from January 2021 until December 2022.

33.     Throughout his employment with defendants, Plaintiff BETANCOURT was employed at the BX PARKING LLC as a parking attendant and general laborer.

34.     Plaintiff BETANCOURT regularly handled goods in interstate commerce, such as moving and parking cars for people that came from outside the state of New York.

35.     Plaintiff BETANCOURT work duties required neither discretion nor independent judgment.

36.     Plaintiff BETANCOURT regularly worked in excess of 40 hours per week

37.     Plaintiff BETANCOURT worked for the defendants for six (6) days per week from approximately 11:00 P.M. to 7:00 A.M. on Monday to Thursday and from 10:00 P.M. to 9:00 A.M on Friday and Saturday (typically fifty-four (54) hours per workweek).

38.     For approximately six years, Mr. Betancourt worked seven (7) days per week from 7:00 a.m. to 3:00 p.m., totaling to approximately fifty-six hours per workweek.

39.     Beginning in 2020, Mr. Betancourt's shifts alternated between 3:00 p.m. to 11:00 p.m. and 7:00 a.m. to 3:00 p.m., also totaling approximately fifty-six hours per workweek.

40.     Mr. Betancourt was required to continue working past his shifts if the next employee were to arrive late. His shifts were also approximately ten to twelve hours long on days where his coworkers were absent.

41.     Throughout his employment, BX Parking paid Mr. Betancourt at the same hourly rate for all hours worked, including hours worked over forty per workweek. Mr. Betancourt's hourly rates were $9.50 in 2017, $12.00 in 2018, $13.00 in 2019, $13.50 in 2020, $15.00 in 2021, and $16.96 in 2022

42.     No notification was given to Plaintiff BETANCOURT regarding overtime and wages under the FLSA and NYLL.

43.     Defendants never provided Plaintiff BETANCOURT with each payment of wages a statement of wages, as required by NYLL 195(3).

44.     Defendants never provided Plaintiff BETANCOURT, any notice in English and in Spanish (Plaintiff BETANCOURT primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

49.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.     At all times relevant to this action, Defendants were Plaintiff BRUNO'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff BRUNO, controlled the terms and conditions of his employment, and had the power to determine the rate and method of any compensation in exchange for his employment.

51.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

52.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

53.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

54. Defendants' failure to pay Plaintiff BRUNO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff BRUNO was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

59. Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

60. Plaintiff BRUNO repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff BRUNO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

62. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff BRUNO less than the minimum wage.

63.     Defendants' failure to pay Plaintiff BRUNO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

64.     Plaintiff BRUNO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

67.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

68.     Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

71.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

72.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

73.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

74.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

75.    Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

76.    Defendants regularly paid Plaintiff later than seven (7) days almost every week of his employ.

77.    Defendants violated the NYLL by failing to timely pay Plaintiff for his work under NYLL Section *19 et seq*.

78.    Defendants' failure to pay Plaintiff was willful malicious and/or not in good faith.

79.    Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)    Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages, late wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages, late pay and overtime compensation shown to be owed pursuant to NYLL as applicable;

(m)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        November 9, 2023

By:     */s/ Colin Mulholland*
        Colin Mulholland, Esq.
        36-36 33rd Street, Ste. 308
        Astoria, New York 11106
        Telephone: (347) 687-2019
        *Attorney for Plaintiff*

13